UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE D.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.:  3:19-cv-01522-RBM<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY'S FEES AND EXPENSES**<br><br>**[Doc. 21]** |

　　　On August 13, 2019, Plaintiff Desiree D. ("Plaintiff") filed a complaint against the Commissioner of Social Security, seeking judicial review of the Commissioner's decision denying her application for disability benefits. (Doc. 1.) The parties jointly moved to remand the action to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 19.) On April 17, 2020, the Court granted the motion and remanded the action to the Social Security Administration for further administrative proceedings consistent with the terms sets forth in the parties' joint motion. (Doc. 20.)

　　　The parties now stipulate to and jointly move for an award to Plaintiff of attorney's fees and expenses in the amount of **two thousand and six hundred dollars ($2,600)** under

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. (Doc. 21.)

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment. *See* 28 U.S.C. § 2412(d). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted). Therefore, Plaintiff is the prevailing party in this action for purposes of awarding attorney's fees. "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Id.* (internal citation omitted). Federal Rule of Appellate Procedure 4(a)(1)(B) provides for a sixty-day appeal period in cases in which the United States is a party or a United States officer or employee is sued in an official capacity. Here, the sixty-day appeal period for the Court's April 17, 2020 order and judgment expired on or about June 16, 2020. As such, the sentence four remand is now a "final judgment" for purposes of the EAJA and the parties' joint motion for attorney's fees was filed within thirty days of this "final judgment." *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 608 (9th Cir. 2007) (holding that a successful disability applicant may file an application for attorneys' fees under EAJA within thirty days after the sixty–day appeal period in Rule 4(a) has expired, "regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits.").

Pursuant to the EAJA, the amount of fees awarded are "based upon prevailing market rates for the kind and quality of the services furnished . . ." *See* 28 U.S.C. § 2412(d)(2)(A). "[A]ttorney fees shall not be awarded in excess of $125 her hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's 2019 statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, was $205.25. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act,"

https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Sept. 25, 2020) (citing 28 U.S.C. § 2412 (d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6).

At an hourly rate of $202.25, the requested fee award represents compensation for approximately 10.95 hours of work performed by Plaintiff's counsel. (Doc. 21-1 at 1.) It also includes 3.5 hours of paralegal services at the rate of $130, which are allowable fees under the EAJA. *See Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581 (stating "we think EAJA . . . must be interpreted as using the term 'attorney . . . fees' to reach fees for paralegal services as well as compensation for the attorney's personal labor.") The Court finds the fee request reasonable, particularly in light of the fact that counsel prepared and filed a merits brief prior to the parties' joint motion to remand. (Docs. 18-19.)

For good cause shown, the joint motion is **GRANTED**, subject to the terms of the parties' joint motion. Accordingly, the Court **AWARDS** Plaintiff attorney's fees and expenses in the amount of **two thousand and six hundred dollars ($2,600)**.

**IT IS SO ORDERED**.

DATE:  September 25, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE