UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE D., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 3:19-cv-01522-RBM <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** <br><br> [Doc. 24] |

## I. INTRODUCTION

On January 26, 2021, counsel for Desiree D. ("Plaintiff") filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 24.) The Commissioner of Social Security ("Defendant") filed a response on February 9, 2021. (Doc. 25.) For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## II. BACKGROUND

Plaintiff applied for disability insurance benefits pursuant to Title II to the Social Security Act. (Doc. 1 at ¶ 3.) After the administrative law judge ("ALJ") denied Plaintiff's claim for benefits and the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the ALJ decision to this Court. (*Id.* at ¶ 8.) After the Commissioner filed the administrative record, the undersigned issued a merits briefing schedule. (Docs. 13, 14,

1

16.) On February 25, 2020, Plaintiff filed a motion for summary judgment. (Doc. 18.) Before Defendant's time to file an opposition brief expired, the parties filed a joint motion to voluntarily remand the action for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 19 at 2.) The Court granted the motion for remand and entered judgment in favor of Plaintiff. (Doc. 20.) On remand, Plaintiff prevailed and the Commissioner awarded Plaintiff past-due benefits. (Doc. 25-1 at 2.)

On September 28, 2020, pursuant to a joint motion, the Court awarded Plaintiff $2,600.00 in attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docs. 21, 23.) In the instant motion, Plaintiff's counsel seeks an attorney fee award of $16,600.00, which allegedly represents 25 percent of the $66,482.00 in past-due benefits payable to Plaintiff. (Doc. 24 at 4, 10.) According to the motion, the Commissioner has yet to pay the $2,600.00 in EAJA fees, and Plaintiff's counsel requests that the Court account for the unpaid EAJA fee of $0.00 by ordering the Commissioner to certify a net fee of $16,600.00 to counsel. (Doc. 24 at 7, 9.)

Defendant's response disputes the amount of past-due benefits owed, contending the amount owed as confirmed by the Social Security Administration ("SSA") is $65,452.00.[1] (Doc. 25 at 2; Doc. 25-1 at 2, ¶¶ 2-3.) Given this figure, Defendant contends that any contingency fee award would be capped at $16,363.00. (Doc. 25 at 2.) Other than the dispute as to the past-due benefits amount and the applicable 25 percent cap, Defendant takes no position as to the reasonableness of the fee request. (*Id.* at 3.)

---

[1] To support Plaintiff's entitlement to $66,482.00 in past-due benefits, Plaintiff's motion includes a Declaration of Lawrence D. Rohlfing which attaches a January 10, 2021 Notice of Award ("Notice"). (Doc. 24 at 10, ¶ 4; Doc 24-3 at 1.) However, the Notice did not state a total amount of past-due benefits owed to Plaintiff, but instead indicated the monthly amounts owed from 2015 to 2021. (Doc 24-3 at 1.) Rohlfing's citation to $66,482.00 appears to be an extrapolation of past-due benefits owed based upon the monthly amounts indicated in the Notice. (*Id.*) Exhibit 1 to Defendant's response, the Declaration of Ellinor R. Coder, states her office "contacted the SSA payment center responsible for calculating [Plaintiff's] past-due benefits" and the SSA informed Defendant that the past-due benefit amount for the period of May 2015 through November 2020 was $65,452.00. (Doc. 25-1 at 2, ¶¶ 2-3.) The discrepancy between the parties' cited amounts of past-due benefits appears to be the difference in one month of payments in December 2020 amounting to $1,030.50. (*See* Doc. 24-3 at 1.)

As to the lack of EAJA payment to date and Plaintiff's counsel's request for certification of a "net fee," the Commissioner contends such request should be denied. (Doc. 25 at 5-10.) At this time, "[t]he Commissioner has no information regarding whether the EAJA payment was offset by the U.S. Treasury, or whether payment has simply been delayed." (*Id.*) Defendant contends that counsel's request for a "net fee" is inconsistent with applicable statutes as well as caselaw because it inappropriately shifts the burden of refunding any excess EAJA fee award from Plaintiff's counsel to the Commissioner. (*Id.*)

### III.   LEGAL STANDARD

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant . . . the court may determine and allow as part of its judgment a reasonable fee" for representation by claimant's counsel, which cannot exceed 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). In determining the reasonableness of the fee, the lodestar method (i.e., multiplying the reasonable hourly rate by the number of hours reasonably expended on a case) does not apply. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002) (reasoning that lodestar applies to "disputes over the amount of fees properly shifted to the loser in litigation" and not Section 406(b) which "authorizes fees payable from the successful party's recovery"); *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). Rather, the court must "approach § 406(b) fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford*, 586 F.3d at 1149 (citing *Gisbrecht*, 535 U.S. at 808). In determining the fee's reasonableness, courts look to "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citation omitted). Fees may be subject to reduction "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (citing *Gisbrecht*, 535 U.S. at 808).

Fee awards are available under both Section 406(b) and the EAJA. *See* 42 U.S.C. § 406(b); 28 U.S.C. § 2412(d). However, the attorney in receipt of both types of fees must

refund the smaller award to the Social Security claimant. *Gisbrecht*, 535 U.S. at 796. The Savings Provision of the EAJA clarifies the issue, stating in relevant part:

> Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985). Pursuant to the Savings Provision, the attorney cannot receive duplicate compensation for the "same work," and must refund the smaller fee to the claimant. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012) (citations omitted).

## IV.   DISCUSSION

### i.   Amount of Requested Fees under Section 406(b)

As outlined above, the parties dispute the amount of past-due benefits that are subject to a fee award under Section 406(b). *See supra* p. 2 n.1. Notably, Plaintiff's counsel did not file a reply brief to rebut the evidence presented in Defendant's response, and the time for doing so has expired. *See* CivLR 7.1(e)(3). Thus, Defendant's cited amount of past-due benefits totaling $65,452.00 is deemed undisputed. *See generally Terrell v. Contra Costa Cnty.*, 232 F. App'x 626, n.2 (9th Cir. 2007) (unpublished) (a reply brief may address the same set of facts supplied the opposing party's opposition but provides the full context to the opposing party's selected recitation of the facts). Considering the foregoing and the 25 percent cap of past-due benefits, the requested fees at issue amounts to $16,363.00. *See* 42 U.S.C. § 406(b)(1)(A).

### ii.   Reasonableness of Fee Request

As an initial matter, the representation agreement between Plaintiff and her counsel contemplates a 25 percent contingency fee. (Doc. 24 at ¶ 2.) The agreement provides that if judicial review of an adverse decision by the SSA is required, "the fee for successful

prosecution . . . is a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (Doc. 24-1 at ¶ 4.) This is consistent with the statutory fee ceiling. *See* 42 U.S.C. § 406(b)(1)(A).

In reviewing the record, the Court finds the fee request reasonable. Although the parties stipulated to voluntarily remand this action for further administrative proceedings, this stipulation occurred *after* Plaintiff's counsel worked up the case and filed a lengthy merits brief citing various grounds to reverse the ALJ's decision. (Docs. 18, 20.) There is nothing in the record to suggest Plaintiff's counsel provided substandard representation or engaged in dilatory conduct. Indeed, the opposite is true. Plaintiff's counsel secured a sentence four remand for his client, which is a determination that the agency erred in some request in reaching its decision to deny benefits. *Akopyan v. Barnhart*, 296 F.3d 852, 855 (9th Cir. 200). In sum, counsel's efforts resulted in a prompt disposition of Plaintiff's case and a substantial award of past-due benefits. (Docs. 13, 19.)

Additionally, the Court concludes a $16,363.00 fee award does not constitute a windfall. *See Gisbrecht*, 535 U.S. at 808. Plaintiff's counsel expended 10.95 hours in attorney time and 3.4 hours in paralegal time to litigate this case through entry of the order for remand. (Doc. 24 at ¶ 5; *see also* Doc. 24-4.) Defendant takes no position as to the reasonableness of the fee request but alleges that this amounts to a *de facto* hourly rate of $1,494.34 (i.e., $16,363.00 ÷ 10.95 = $1,494.34 per hour). (Doc. 25 at 5.) However, courts have approved similar fee awards. *See Crawford*, 586 F.3d at 1145, 1153 (awarding $21,000 in fees representing 19.5 hours of attorney time and 4.5 hours of paralegal time); *see also Lonnie T. v. Saul*, 18-cv-456-AJB-JMA, Doc. 23 (S.D. Cal. Nov. 12, 2020) and Doc. 19-1, ¶ 5 (S.D. Cal. Mar. 2, 2020) (approving $27,658.40 fee award representing 17.7 hours of attorney and paralegal work); *Richardson v. Colvin*, 2017 WL 1683062, *2 (S.D. Cal. May 2, 2017) (approving award representing $770 hourly rate and citing cases approving rates ranging from $519 to $902 per hour). Moreover, the fee request takes into account counsel's assumption of a "risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the case." *Crawford*, 586 F.3d

at 1152. In considering all of the foregoing factors, the Court finds a fee request of $16,363.00 is reasonable.

In sum, the Court grants the motion for fees under Section 406(b), but only to the extent it seeks $16,363.00 in fees.

    *iii.*   *Request for Certification of Net Fee*

Based on the papers, Plaintiff's counsel has yet to receive the $2,600.00 EAJA fee award to date. (Doc. 24 at 1.) Counsel seeks to account for the unpaid EAJA fee by requesting that the Court order the Commissioner to certify a "net fee" to counsel in the amount of the Section 406(b) award, which is now $16,363.00. *See supra* p. 4. Defendant opposes such request as inconsistent with applicable law in that it inappropriately shifts the burden of refunding any excess EAJA fee from Plaintiff's counsel to the Commissioner. (Doc. 25 at 5-10.)

Plaintiff's counsel cites to a Seventh Circuit opinion, *O'Donnell v. Saul*, for the proposition that the netting approach is permissible. *See* 983 F.3d 950, 957 (7th Cir. 2020). There, the court found the fee statutes "as written in no way preclude a court from awarding an attorney 25% of a claimant's past-due benefits under § 406(b)(1) and requiring the attorney to refund a prior EAJA award to his client. To the contrary, they vest the court with discretion to order just that." *Id.* at 958. The Seventh Circuit specifically found "no statutory requirement that the court order netting in any or all circumstances." *Id.* at 957. The court affirmed the magistrate judge's order awarding Section 406(b) fees and requiring plaintiff's counsel to refund the EAJA fees recovered by counsel to plaintiff. *Id.* at 958. Although not binding on this Court, *O'Donnell* makes clear that the netting approach is not mandatory and that the court has discretion to impose the refund obligation on the claimant's attorney. This is consistent with Ninth Circuit precedent. *See Crawford*, 586 F.3d 1142, 1144 n.3 (stating "[a] district court may award fees under both the EAJA and 42 U.S.C. § 406(b), 'but the claimant's attorney must refund to the claimant the amount of the smaller fee.'") (citing *Gisbrecht*, 535 U.S. at 796).

///

Plaintiff's counsel also cites various district court opinions from within the Ninth Circuit where the court awarded fees under Section 406(b) and the EAJA, directed the Commissioner to subtract amounts previously awarded for the EAJA fee, and thereby awarded a "net fee." (Doc. 24 at 8.) However, these cited cases do not address the unique scenario presented here, that is, where the payment status of the EAJA fee award is unclear. To be sure, the Commissioner alleges that he has no information whether the Treasury offset the EAJA award or whether payment has simply been delayed. (Doc. 25 at 5-10.) Considering the circumstances of this case, the netting approach is not appropriate.

Therefore, the Court denies the motion's request for an order requiring the Commissioner to certify a net fee of $16,600.00 to Plaintiff's counsel.

## V.   CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). The Court **AWARDS** the Law Offices of Lawrence D. Rohlfing ("Rohlfing") attorney fees in the amount of $16,363.00. To the extent Rohlfing receives any EAJA fees, the Court **ORDERS** Rohlfing to reimburse Plaintiff with any such funds received.

**IT IS SO ORDERED**.

DATE: April 20, 2021

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE